IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHARLES EDWARD STINE     PLAINTIFF

v.     Civil No. 06-2180

STATE OF ARKANSAS; ARKANSAS
DEPARTMENT OF CORRECTION;
SEBASTIAN COUNTY PROSECUTOR'S
OFFICE; FORT SMITH POLICE
DEPARTMENT; POLK COUNTY
SHERIFF'S DEPARTMENT; FORMER
ATTORNEY GENERAL MARK PRYOR;
ATTORNEY GENERAL MIKE BEEBE;
CIRCUIT JUDGE NORMAN WILKINSON;
PROSECUTING ATTORNEY MICHAEL
WAGONER; ASSISTANT PROSECUTING
ATTORNEY MELANIE MAYNER; CORPORAL
ALFRED FIESCHER, Fort Smith Police
Department; LARRY CLARK, Jail Administrator,
Polk County Sheriff's Department, and CASH
HAASER, Deputy Public Defender     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Charles Edward Stine brings this pro se civil rights action. His complaint is before the court for pre-service screening pursuant to the provisions of 28 U.S.C. § 1915 and/or § 1915A.

### I. Background

On Friday, March 22, 2002, Stine alleges he was arrested at his house by Corporal Alfred Fiescher. Stine maintains the arrest was allegedly based on his having confessed to sexually assaulting his niece. Stine asserts there was no confession or statement and his attorney Cash Haaser knew it but failed to have the confession thrown out of court.

-1-

Stine states he contacted Haaser a number of times asking him to file various motions. Finally, on May 28, 2002, Haaser showed up at the jail to talk to Stine about a plea bargain. At that time, Stine alleges Haaser indicated he had not filed any of the motions, the judge would not allow them, and there was no reason to file them.

After a period of time, a second plea offer was made. Stine took this plea offer of one hundred and twenty days and five years probation and entered a plea in front of Judge Norman Wilkinson on May 29, 2002. The prosecuting attorney, Michael Wagoner, told the judge that the victim's family was not cooperating and that was why the offer was being made. Stine states he also had to register as a sex offender, which was not part of the deal, and attend counseling.

After Stine served his time, he asserts he received a letter informing him he had to go to Pine Bluff to be assessed by the Arkansas Department of Correction. Stine indicates he filed a motion to stop the action. Stine indicates Judge Wilkinson, Melanie Mayner, and Cash Haaser were all involved in this motion. Stine asserts Judge Wilkinson ruled that Stine had no option.

Stine now maintains the law he was prosecuted under was unconstitutional because the judge did not have the authority to order him to register as a sex offender or surrender any DNA to the State. Stine also maintains the sex offender registry is illegal.

On July 3, 2003, Stine states he was arrested at a friend's house by Officer Daniel Grubbs. Stine states he never saw an arrest warrant and was only told what he was arrested for. He maintains this arrest violated his Fourth Amendment rights.

On September 5, 2003, Stine asserts he received a letter from the Polk County Sheriff's Office stating he must appear on September 22nd so his file could be updated. When Stine

AO72A
(Rev. 8/82)

arrived at the sheriff's office, Larry Clark took his picture and DNA. As there was no court order authorizing this, Stine maintains these actions were unconstitutional.

Stine maintains the laws he was prosecuted under are unconstitutional. Stine contends the unconstitutional laws are the fault of former Attorney General Mark Pryor and current Attorney General Mike Beebe. Stine asks the court to set aside his conviction, expunge his arrest record, expunge all court records, remove his DNA and fingerprints from all data banks, and award him monetary damages from each of the defendants. Additionally, he would like all other individuals whose rights have been violated to be freed from incarceration.

## II. Discussion

Stine's claims are subject to dismissal because they are barred by the statute of limitations. The claims are based on events that occurred more than three years before the filing of this complaint. Section 1983 actions are characterized as personal injury claims for purposes of applying the appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). Arkansas' three-year personal injury statute applies to any § 1983 actions that accrued in this state. *Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000); *Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir. 1992). This case was filed on October 16, 2006. The events challenged by Stine began on March 22, 2002, and the last event identified by him occurred on September 5, 2003, more than three years prior to the filing of the complaint.

Even if Stine's claims were not barred by the statute of limitations, they are subject to dismissal for a variety of reasons. First, Cash Haaser is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived

plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. In *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is that a public defender failed to adequately represent a client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Second, Michael Wagoner and Melanie Mayner, both prosecuting attorneys, are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorneys are entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

-4-

To the extent Stine's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Stine can make no such showing here. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Third, Circuit Judge Norman Wilkinson is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st

AO72A
(Rev. 8/82)

Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA, § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Stine does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Stine seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed

AO72A
(Rev. 8/82)

on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Fourth, the Fort Smith Police Department and the Polk County Sheriff's Department cannot be sued under § 1983. The police department and sheriff's department are buildings and not considered persons or legal entities subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993)(jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987)(sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

Fifth, the claims against the State of Arkansas and the Arkansas Department of Correction (ADC) are also subject to dismissal. The ADC is a state agency. *Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919 (2002). The State and the ADC are entitled to sovereign immunity. *See e.g. Campbell v. Arkansas Department of Correction*, 155 F.3d 950, 962 (8th Cir. 1998).

Finally, Stine's claims seeking to overturn his conviction are subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid"

AO72A
(Rev. 8/82)

is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Stine's conviction has not been reversed, set aside, or otherwise declared invalid.

### III. Conclusion

I therefore recommend Stine's claims be dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief can be granted, and are asserted against individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Stine has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Stine is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of November 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)